IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICK TYRONE ROBINSON,

                      Plaintiff,

  v.

LINDSEY WALKER,

                      Defendant.

OPINION and ORDER

18-cv-322-jdp

---

Pro se plaintiff and prisoner Rick Tyrone Robinson is proceeding on a claim that defendant Lindsey Walker (the manager of the health services unit) violated his Eighth Amendment rights by giving him the wrong medication, which caused him to grow breasts. Both parties have filed motions for summary judgment. Dkt. 24 and Dkt. 29. Walker's motion is limited to the issue of exhaustion of administrative remedies; Robinson's motion addresses both exhaustion and the merits. For the reasons explained below, I am denying Robinson's motion and staying a decision on Walker's motion to allow Robinson to clarify multiple issues raised in his summary judgment brief.

ANALYSIS

Robinson's summary judgment motion does not require extended discussion. To prevail on his motion, he would have to prove as a matter of law that Walker consciously refused to provide reasonable treatment for a serious medical need. *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997). Because Robinson does not cite any evidence to show that, I will deny his motion for summary judgment as to the merits of his claim. Robinson also addresses the issue of exhaustion, which I will address below.

The only question raised in Walker's summary judgment motion is whether Robinson exhausted his administrative remedies. Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory, *Woodford v. Ngo*, 548 U.S. 81, 85 (2006), and "applies to all inmate suits," *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process," *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford*, 548 U.S. at 88–89.

In Wisconsin, the administrative code sets out the process for a prisoner to file a grievance and appeal an adverse decision. Wis. Admin. Code. §§ DOC 310.07–13 (prisoner first files grievance with inmate complaint examiner; prisoner may appeal adverse decision to corrections complaint examiner and then to department secretary). A failure to follow these rules may require dismissal of the prisoner's case. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999). But a failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendants. *Jones v. Bock*, 549 U.S. 199 (2007).

Walker's argument in favor of dismissal is straightforward. She cites a declaration from a records custodian who says that she reviewed Robinson's inmate complaint history and found no inmate complaints in which Robinson alleged that he was receiving the wrong medication. Dkt. 26.

Robinson's response to Walker's motion raises more questions than it answers. Specifically, Robinson makes three statements that require an explanation. First, Robinson says that Walker "fail[ed] to respond to summary judgment . . . deadline of administrative remedies on November 16, 2018." Dkt. 29, at 3. This statement is confusing because Walker filed her motion for summary judgment on October 31, 2018, more than two weeks before the November 16 deadline. And Walker filed a certificate with the motion showing that she served the motion on Robinson. Dkt. 24-1. Presumably, Robinson received the motion because he responded to it. If Robinson means to object to the fact that Walker filed her motion before the deadline, the objection is without merit. The scheduling order does not prohibit parties from filing motions early. Dkt. 23. And Robinson does not allege that he was prejudiced by the early filing. If he means something else, he will have to explain what he means in a supplemental filing.

Second, as to the merits of Walker's summary judgment motion, Robinson says that he "fil[ed] a[n] inmate complaint trying to resolve this issue with staff first shift[.] [S]econd shift failed to have documentation . . . provided to inmates in seg." Dkt. 29, at 3. Again, Robinson doesn't explain what he means. He attaches two documents to his briefs, Dkt. 29-1, but they are both health service requests, not inmate complaints. Wisconsin's grievance procedures require prisoners to file an inmate complaint, so that is the only document that would satisfy the exhaustion requirement. *Pavey v. Conley*, 663 F.3d 899, 905 (7th Cir. 2011).

3

If Robinson means to allege that he filed an actual inmate complaint, but doesn't have a copy of it, he needs to provide more information. What did he say in the inmate complaint? When did he file it? How did he file it? Did he give it to a particular staff member? What happened after he filed the complaint? What does he mean when he says that second shift staff "failed to have documentation provided to inmates in seg?" Without answers to these questions, I cannot determine whether Robinson exhausted his administrative remedies.

Third, Robinson raises an unrelated issue. He says, "Please review my complaint. I never said Lindsey Walker g[a]ve me any medication in my complaint." Dkt. 29, at 5. Robinson appears to be saying that the court misconstrued his complaint in the screening order, but he doesn't explain why he is raising that issue in a summary judgment brief, more than five months after the court issued the order at issue. He also doesn't explain how he believes that the court *should have* construed his complaint. This is an important issue because it could affect both the scope of the case and the resolution of Walker's motion for summary judgment.

The body of Robinson's complaint consists of only one paragraph:

> Unit manager Mrs. Walker I was denied medication in segregation DS 1 and I receive the wrong meds, a transgender medication the inmate across the hall from me. This cause me to grow female breasts. My Eighth Amendment rights are violated I'm devastate embarrassment and emotion wreck. I seen the dr and he noted it in my files.

Dkt. 1, at 2.

I construed these allegations to mean that Walker had given Robinson the wrong medication. But Robinson's statement in his summary judgment brief is correct. He doesn't allege expressly that Walker gave him the wrong medicine. He alleges that he received the wrong medication without specifying who gave it to him. But this raises a question about the scope of Robinson's claim against Walker. If she didn't give him the wrong medication, who

4

did? And why is he suing Walker instead of that person? Why does he believe that Walker can be held liable? What did she allegedly do that violated his rights? Until Walker answers these questions, I cannot allow this case to proceed further.

In sum, I will give Robinson an opportunity to file additional materials that explain three things: (1) why he is objecting to Walker's motion for summary judgment; (2) what actions he took to exhaust his administrative remedies as to the claim in this case; and (3) what he believes Walker did to violate his constitutional rights. If Robinson fails to respond, I will conclude that Walker has met her burden to show that Robinson failed to exhaust his administrative remedies and I will dismiss the case.

Robinson raises one more issue. Specifically, he objects to the declaration that Walker filed on the ground that Walker used the caption for another case that Robinson filed. But that is not the type of mistake that entitles Robinson to any relief. It is clear from the body of the declaration that it relates to this case. And, again, Robinson doesn't identify any prejudice caused by Walker's mistake. So this objection is overruled.

ORDER

IT IS ORDERED that:

1. Plaintiff Rick Tyrone Robinson's motion for summary judgment, Dkt. 29, is DENIED.

2. A decision on Lindsey Walker's motion for summary judgment, Dkt. 24, is STAYED. Robinson may have until January 28, 2019, to submit written responses

to the questions raised in the opinion. If Robinson does not respond by the deadline, I will grant Walker's motion.

Entered January 9, 2019.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge