IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICK TYRONE ROBINSON,

                Plaintiff,

v.

LINDSEY WALKER,

                Defendant.

OPINION and ORDER

18-cv-322-jdp

---

Pro se plaintiff and prisoner Rick Tyrone Robinson is proceeding on a claim that defendant Lindsey Walker violated his Eighth Amendment rights by giving him the wrong medication, which caused him to grow breasts. After Robinson informed the court that Walker had not actually given him any medication, I asked Robinson to clarify why he was suing Walker. Dkt. 33.[1] Robinson has responded to the order, Dkt. 34, but that response still does not answer the questions that I asked. I will give Walker one more opportunity to explain why he believes that Walker violated his rights. If he fails to do that, I will dismiss his case for failure to state a claim upon which relief may be granted.

ANALYSIS

The body of Robinson's complaint consists of one paragraph:

> Unit manager Mrs. Walker I was denied medication in segregation DS 1 and I receive the wrong meds, a transgender medication the inmate across the hall from me. This cause me to grow female breasts. My Eighth Amendment rights are violated

---

[1] I also asked Robinson to address two issues related to exhaustion of administrative remedies. Once I determine the proper scope of Robinson's claim, I will address those issues as well, if necessary.

> I'm devastate embarrassment and emotion wreck. I seen the dr and he noted it in my files.

Dkt. 1, at 2. I construed these allegations to mean that Walker had knowingly given Robinson the wrong medication and I allowed him to proceed on a claim that Walker had violated his Eighth Amendment rights. Dkt. 8. But then Robinson filed a document in which he said, "Please review my complaint. I never said Lindsey Walker g[a]ve me any medication in my complaint." Dkt. 29, at 5. A review of the complaint confirmed that Robinson was correct—he did not allege expressly that Walker gave him the wrong medication—but his statement raised new questions that he did not answer. Specifically, if Walker didn't give him the wrong medication, who did? And why is he suing Walker instead of that person? Why does he believe that Walker can be held liable? What did she allegedly do that violated his rights? I directed Robinson to answer these questions in writing.

In his response, Robinson still doesn't say who gave him the wrong medication and he doesn't accuse that person of violating his rights, so I will assume that he doesn't want to sue that person. But this leaves the question of why he sued Walker. His response mentions her three times, but he still doesn't explain what she did to violate his rights. He says:

- "I have address[ed] this issue with staff and Mrs. Walker"
- "Walker failed[ed] [to give] me medical treatment under these[] conditions"
- "[The] second ICE [inmate complaint examiner] return[ed] [my] letter trying to resolve [the] issue with Walker"

Dkt. 34.

These statements do not state a claim under the Eighth Amendment or provide fair notice of any claim. The first statement doesn't identify "the issue" Robinson is talking about or how he believes Walker mishandled that issue.

The second statement suggests that Walker didn't give Robinson medical treatment, but he doesn't say what treatment Walker was supposed to give him. Walker was the "unit manager," not a doctor or nurse. If Robinson was experiencing a medical emergency and informed Walker about it, Walker would have a duty under the Eighth Amendment to help Robinson get treatment. *See Mathison v. Moats,* 812 F.3d 594, 597 98 (7th Cir. 2016). But this isn't what Robinson alleges. He says that he grew breasts because he took the wrong medication. If Robinson wanted treatment for that condition, he could submit a health service request, which he says he did. Dkt. 29-1. He doesn't explain how Walker prevented him from receiving treatment or otherwise harmed him.

The third statement suggests that Robinson may believe that Walker was involved in the grievance process. Again, Robinson doesn't provide details. But if he means to allege that Walker violated his rights by failing to handle his grievance properly, that allegation fails to state a claim upon which relief may be granted. The Constitution does not require prisons to enact grievance procedures or to handle grievances in a particular way. *Kervin v. Barnes*, 787 F.3d 833, 835 (7th Cir. 2015) ("[T]he inadequacies of the grievance procedure itself . . . cannot form the basis for a constitutional claim."); *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of Owens's grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim."). If a prison official's misconduct prevents a prisoner from completing the grievance process, then the prisoner may be excused from the requirement in 42 U.S.C. § 1997e(a) to exhaust his administrative remedies, *Kervin*, 787 F.3d at 835, but Robinson does not have an independent claim for that conduct.

3

So Robinson still hasn't stated a claim against Walker or anyone else. I will give him one more opportunity to file an amended complaint in which he explains how Walker violated his constitutional rights. He should be as specific as possible, drafting his amended complaint as if he were telling a story to people who know nothing about his situation. For example, he should answer the following questions:

1) What issue was Robinson discussing with Walker? What did he tell her and how did she respond?

2) Was Walker involved in the grievance process? If so, how?

3) What does Robinson believe that Walker should have done that she failed to do?

4) Does Robinson believe that it is Walker's fault that he received the wrong medication? If so, why does he believe that and what should she have differently?

5) Does Robinson believe that Walker prevented him from receiving medical care after he took the wrong medication? If so, what did she do to deny him care? And what medical care did she prevent him from receiving?

6) Was Robinson harmed by Walker's conduct? If so, how?

These questions are just examples. Walker should include all the information he has that will support his belief that Walker violated his constitutional rights.

ORDER

IT IS ORDERED that plaintiff Rick Tyrone Robinson may have until February 22, 2019, to file an amended complaint in which he explains how defendant Lindsey Walker

violated his constitutional rights. If Robinson fails to respond by that date, I will dismiss the case for failure to state a claim upon which relief may be granted.

Entered February 8, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge