IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICK TYRONE ROBINSON,

              Plaintiff,

v.

LINDSEY WALKER,

              Defendant.

OPINION and ORDER

18-cv-322-jdp

---

Pro se plaintiff and prisoner Rick Tyrone Robinson has responded to the court's second order asking him to clarify the scope of his claim against defendant Lindsey Walker. Dkt. 36 and Dkt. 37. Because Robinson's response shows that he has not stated a claim against Walker, I will dismiss the case.

I originally allowed Robinson to proceed on a claim that Walker violated his Eighth Amendment rights by giving him medication that caused him to grow breasts. Dkt. 8. Robinson later informed the court that I had misconstrued his complaint and that Walker had *not* given him the wrong medication. Dkt. 29, at 5. But he failed to explain why he was suing Walker, so I asked him to supplement his complaint with allegations showing what Walker did to violate his rights. Dkt. 33. Robinson responded to the order, Dkt. 34, but none of his allegations stated a claim against Walker, so I gave him a list of specific questions that he needed to answer:

> 1) What issue was Robinson discussing with Walker? What did he tell her and how did she respond?
>
> 2) Was Walker involved in the grievance process? If so, how?
>
> 3) What does Robinson believe that Walker should have done that she failed to do?

> 4) Does Robinson believe that it is Walker's fault that he received the wrong medication? If so, why does he believe that and what should she have differently?
>
> 5) Does Robinson believe that Walker prevented him from receiving medical care after he took the wrong medication? If so, what did she do to deny him care? And what medical care did she prevent him from receiving?
>
> 6) Was Robinson harmed by Walker's conduct? If so, how?

Dkt. 36, at 4.

In his response, Robinson clarifies that he complained to Walker *after* he received the wrong medication. Dkt. 37. He does not allege that she had earlier notice of a problem. I understand him to be alleging that she violated his rights in two ways: (1) failing to resolve his administrative grievance appropriately; and (2) failing to provide him medical care.

Robinson's allegations do not state a claim upon which relief may be granted. As to the first allegation, I explained in my previous order that mishandling a grievance does not violate the Constitution. Dkt. 36, at 3 (citing *Kervin v. Barnes*, 787 F.3d 833, 835 (7th Cir. 2015), and *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011)). As to the second allegation, Robinson still doesn't explain what medical care he believes that Walker should have provided, even though I expressly asked for that information in my previous order. As I explained:

> Walker was the "unit manager," not a doctor or nurse. If Robinson was experiencing a medical emergency and informed Walker about it, Walker would have a duty under the Eighth Amendment to help Robinson get treatment. *See Mathison v. Moats*, 812 F.3d 594, 597 98 (7th Cir. 2016). But this isn't what Robinson alleges. He says that he grew breasts because he took the wrong medication. If Robinson wanted treatment for that condition, he could submit a health service request, which he says he did. Dkt. 29-1. He doesn't explain how Walker prevented him from receiving treatment or otherwise harmed him.

Dkt. 36, at 3. Because Walker doesn't explain what Walker was supposed to do and he doesn't allege that she prevented him from receiving medical treatment or otherwise harmed him, I conclude that he has failed to state a claim upon which relief may be granted and I will dismiss the case.

Robinson has filed three other documents since he filed his response to the court's order. In the first and third documents, he again seems to be blaming Walker for failing to provide medical treatment. Dkt. 38 and Dkt. 40. But, again, he doesn't explain what he believes Walker should have done for him. In the second document, Dkt. 39, Robinson renews his motion for a default judgment. But I already denied that motion, Dkt. 15, and Robinson doesn't identify any reasons why he believes that decision was wrong, so I will deny the new motion as well.

ORDER

IT IS ORDERED that

1. Plaintiff Rick Tyrone Robinson's motion for a default judgment, Dkt. 39, is DENIED.

2. This case is DISMISSED for Robinson's failure to state a claim upon which relief may be granted.

3. Defendant Lindsey Walker's motion for summary judgment on the ground that Robinson failed to exhaust his administrative remedies, Dkt. 24, is DENIED as moot.

4. Because I am dismissing the action for failure to state a claim, the clerk of court is directed to assess a "strike" in accordance with 28 U.S.C. § 1915(g).

5. The clerk of court is directed to enter judgment in Walker's favor and close this case.

Entered March 5, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge