IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICK TYRONE ROBINSON,

                          Plaintiff,

    v.                                                  OPINION and ORDER

LINDSEY WALKER,                                     18-cv-322-jdp

                          Defendant.

---

Pro se plaintiff and prisoner Rick Tyrone Robinson moves for reconsideration of the order dismissing this case for failure to state a claim upon which relief may be granted. Dkt. 43. Because Robinson hasn't shown that I erred in dismissing the case, I will deny his motion.

I originally allowed Robinson to proceed on a claim that defendant Lindsey Walker violated the Eighth Amendment by giving him medication that caused him to grow breasts. Dkt. 8. Robinson later informed the court that Walker had *not* given him medication, so I gave him the opportunity to file an amended complaint explaining whether someone else had given him the wrong medication or whether Walker had done something else to violate his rights. Dkt. 33. In his response, Robinson did not ask for leave to amend his complaint to sue a different person. Instead, he continued to allege that Walker violated his rights. But his allegations failed to state a claim, so I gave him one more chance to explain how Walker or someone else violated his rights. Dkt. 36. This time, Robinson said that Walker violated his rights in two ways: (1) failing to resolve his administrative grievance appropriately; and (2) failing to provide him medical care for his enlarged breasts. I explained why neither allegation stated a claim and I dismissed the case. Dkt. 41.

In his motion for reconsideration, Robinson repeats the same allegations against Walker, and I conclude again that they fail to state a claim. He also alleges for the first time that "CO Harper" failed to give him asthma medication and then gave him the medication that caused him to grow breasts. But it is too late for Robinson to file new claims against a new defendant. *See Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995) ("It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him."). In the January 9 order, I invited Robinson to identify the individual who allegedly gave him the wrong medication, *see* Dkt. 33, at 4, but he declined to do so. I gave Robinson another opportunity to amend his complain in the February 8 order, *see* Dkt. 36, but, again, Robinson didn't ask to name a new defendant. If Robinson wants to bring a claim against Harper, he will have to do so in a new lawsuit.

Even if it weren't too late for Robinson to raise new claims, I would not allow him to proceed against Harper. Robinson says that Harper gave him the wrong medication, but making a mistake doesn't violate the Eighth Amendment. *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996) ("[A] defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation."). Robinson doesn't allege that Harper knew either that he was giving out the wrong medication or that it would have harmful effects on Robinson's health, so Robinson's proposed new claim doesn't state a claim under the Eighth Amendment. *See Collier v. Maassen*, No. 17-cv-64, 2019 WL 1229998, at *2 (W.D. Wis. Mar. 15, 2019) (allegation that prison employee handed out wrong medication didn't state a claim because the plaintiff didn't "allege[] facts suggesting that [the employee] actually knew or had reason to know that he had given plaintiff the wrong

2

medication, or, more critically, that he intended to give him the wrong medication, or was reckless in doing so").

ORDER

IT IS ORDERED that plaintiff Rick Tyrone Robinson's motion for reconsideration, Dkt. 43, is DENIED.

Entered April 26, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge